# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:90-cr-00099-W

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JEROME GOODSON, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER comes now before the Court upon the Government's Motion to Revoke the Order of Release of Defendant entered by United States Magistrate Judge David C. Keesler on January 14, 2008. The Government's Motion is hereby GRANTED and the Order of Release is REVOKED.

## Prior Proceedings and Factual Context

Defendant was incarcerated between August 1990 and July 2006 for armed bank robbery and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(d) and 924(c). Subsequent to his release from custody and the beginning of his five-year term of supervised release, CMPD Detective Derrick Crawford personally witnessed the Defendant walk through a parking lot with a firearm in his hand and get into the backseat of a car. Detective Crawford and two other officers stopped the car, recovered two firearms, and arrested the Defendant. Following his arrest, Defendant admitted to United States Probation Officer Jerusha N. Marsh that he had been in possession of a firearm.

Defendant appeared before United States Magistrate Judge David Keesler for a detention

hearing on January 14, 2008. The Government moved to detain the Defendant in light of the fact that he admittedly possessed a firearm less than eighteen months after being released from federal custody, a clear violation of his supervised release. Defendant proffered numerous facts and character witnesses, arguing that he was neither a risk of flight nor a danger to the community. Among those facts and witnesses were (1) Defendant's solid work history since his release from federal custody, including his current position at Target; (2) testimony of co-workers and Defendant's supervisor at Target explaining his position and contributions there; (3) Defendant's relationship with his fiancé, Tanya Clark, Ms. Clark's two daughters, and his elderly mother; and (4) testimony from two members of Defendant's place of worship. After the hearing, Judge Keesler found that Defendant was not a flight risk and that he could fashion conditions to ensure the community's safety. Defendant was then released on a $25,000 unsecured bond and electronic monitoring.

In its Motion to Revoke the Order of Release of Defendant, the Government relies on the nature of Defendant's past convictions—armed bank robbery and use of a firearm during a crime of violence—and the current violation—possession of a concealed firearm—to show that Defendant poses a risk to the community. Defendant responds by arguing that the factors listed above show that, despite violating his supervised release, he is not a threat to the community.

Standard of Review

Defendant has raised the legal issue of the Court's standard of review when acting on a motion to revoke or amend a magistrate judge's detention order. The United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, has held, "When the district court acts on a motion

to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, No. 01-4537, 2001 WL 1020779, at *1 (4th Cir. Sep. 6, 2001) (emphasis added); see also United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989)(noting that "district court review of a magistrate's detention order is de novo"). District Judges in this District have relied upon Stewart and its clear enunciation of the standard of review on numerous occasions. See, e.g., United States v. Carson, No. 1:07-cr-96, 2007 WL 4233526, at *1 (W.D.N.C. Nov. 28, 2007); United States v. DiBruno, No. 3:06-cr-430, 2007 WL 152126, at *1 (W.D.N.C. Jan. 17, 2007); United States v. Matkins, No. 3:06-cr-418, 2006 WL 3373142, at *1 (W.D.N.C. Nov. 21, 2006); United States v. Brooks, 324 F. Supp. 2d 784, 785 (W.D.N.C. 2004).

In addition to the Fourth Circuit, the reasoning in Stewart mirrors decisions that have been reached by eight other circuits. See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003); United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992); United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990); United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990); United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Maull, 773 F.2d 1479, 1486 (8th Cir. 1985) (en banc); United States v. Leon, 766 F.2d 77, 80 (2nd Cir. 1985); United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985); see also David N. Adair, Jr., The Bail Reform Act of 1984 33 (3rd ed. 2006) ("The review is de novo and the district judge need not defer to the magistrate judge's findings or give specific reasons for rejecting them.").[1] Given the

---

[1] Defendant makes the logical leap that Vaquillas Ranch Co. v. Texaco Exploration & Prod., 844 F. Supp. 1156 (S.D. Tex. 1994), a civil case involving a motion to remand, stands for the proposition that a detention hearing is a nondispositive motion and therefore entitled to clearly erroneous review under Federal Rule of Criminal Procedure 59(a). Vaquillas, however, is entirely inapplicable to the instant case. Defendant has not cited any case law that credibly

3

overwhelming weight of authority on this matter, the Court will now review the Magistrate Judge's Order of Release de novo.

De Novo Review

Federal Rule of Criminal Procedure 32.1(6) provides that a Magistrate Judge may release or detain a person in custody for violating his supervised release under 18 U.S.C. § 3143(a). Section 3143(a)(1) provides that the defendant shall be detained unless there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C.A. § 3143(a) (West 2008). The Court finds that Defendant has not provided evidence sufficient to meet this high burden. Defendant was convicted of a crime of violence—armed bank robbery—and also of possession of a firearm during and in relation to that crime. The Court is especially troubled by the fact that Defendant, less than two years into his supervised release period for these crimes, was seen openly carrying a firearm in public. These circumstances convince the Court that Defendant poses on ongoing danger to the safety of the community. The testimony of those who have come forward on Defendant's behalf, along with his apparent desire for honest work, are welcome circumstances to the Court. However, they do not rise to the level of clear and convincing evidence, given the other circumstances of this case, that Defendant does not pose a danger to the community.

Furthermore, Defendant's original conviction for armed bank robbery is a "crime[] of violence . . . for which the maximum term of imprisonment of ten years or more is prescribed." 18 U.S.C.A. § 3142(f)(1)(A). Because punishment imposed upon the revocation of supervised release

---

supports its theory, nor has the Court, in its independent analysis, been unable to find any such case law.

is punishment for the original crime, not for the conduct leading to the revocation, the Court looks to these underlying crimes when applying § 3143(a). See United States v. Wallace, No. 5:01-cr-30-05, 2006 WL 2559894, at *1 (W.D. Va. Aug. 31, 2006). Accordingly, under 18 U.S.C. §§ 3143(a)(2), Defendant should not be released unless (1) there is a substantial likelihood for acquittal or the Government recommends no sentence of imprisonment, and (2) Defendant is neither a flight risk nor a danger to the community. In this case, there is no substantial likelihood for acquittal, the Government has shown no inclination that it will not recommend imprisonment,[2] and the Court has already found Defendant to be a danger to the community.

Therefore, for the reasons presented herein, the Government's Motion is GRANTED and the Order of Release is hereby REVOKED.

IT IS SO ORDERED.  Signed: February 7, 2008

Frank D. Whitney
United States District Judge

---

[2] The Guideline Range provision for a Grade B violation with a criminal history category of IV is 12-18 months.